UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLYHELPER.AI LLC,<br><br>                    Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | 25-CV-7770 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff is a limited liability company with its principal place of business in Brooklyn, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that venue is proper in this district because "Brooklyn . . . is within the Southern District of New York." (ECF 1 at 1, ¶ 5.) Brooklyn, however, is in Kings County, which is within the Eastern District of New York. 28 U.S.C. § 112(c).

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff appears to have selected this forum in error, and the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").[1]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: September 19, 2025
New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge

---

[1] The Court notes, however, that only a natural person can proceed IFP – not a limited liability company or other artificial entity. *Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993). Moreover, an artificial entity cannot proceed without counsel. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").